JEFFREY W. KRAMER (SBN 71547)
Email: jkramer@troygould.com
ANNMARIE MORI (SBN 217835)
Email: amori@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:   (310) 553-4441
Facsimile:   (310) 201-4746

Attorneys for Plaintiffs
Broadcast Music, Inc.; Stone Diamond Music Corp.;
Sony/ATV Songs LLC d/b/a Sony ATV Tree
Publishing; EMI Virgin Songs, Inc.; MJ Twelve
Music; Welsh Witch Music; Moebetoblem Music;
E.O. Smith Music

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; STONE DIAMOND MUSIC CORP.; SONY/ATV SONGS LLC D/B/A SONY ATV TREE PUBLISHING; EMI VIRGIN SONGS, INC.; MJ TWELVE MUSIC; WELSH WITCH MUSIC; MOEBETOBLEM MUSIC; E.O. SMITH MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>ANGELA MARIE CRAWFORD, individually and d/b/a MCMURPHY'S IRISH PUB,<br><br>Defendants. | Case No.  CV F 12-1903 JLT<br><br>PLAINTIFFS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT<br><br>SEPARATE STATEMENT OF UNDISPUTED FACTS; DECLARATIONS OF HOPE M. LLOYD, LAWRENCE E. STEVENS, AND ANNMARIE MORI IN SUPPORT THEREOF; AND [PROPOSED] JUDGMENT FILED CONCURRENTLY<br><br>Date:   November 19, 2013<br>Time:   9:30 a.m.<br>Ctrm:   Bakersfield Courtroom<br>Hon. Jennifer L. Thurston<br><br>Complaint Filed:   November 19, 2012<br>Trial Date:   April 1, 2014 |

TroyGould
PC

03202-0020 251238.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 21, 2013 at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Jennifer L. Thurston in Courtroom 6 of the above-entitled Court, located at 2500 Tulare St, Fresno, California 93721, plaintiffs Broadcast Music, Inc.; Stone Diamond Music Corp.; Sony/ATV Songs LLC d/b/a Sony ATV Tree Publishing; EMI Virgin Songs, Inc.; MJ Twelve Music; Welsh Witch Music; Moebetoblem Music; E.O. Smith Music ("Plaintiffs") will and hereby do move for summary judgment in favor of Plaintiffs and against defendants Angela Marie Crawford, individually and d/b/a McMurphy's Irish Pub (collectively, "Defendant"), as to each of the claims alleged in Plaintiffs' Complaint for Copyright Infringement.

Pursuant to Federal Rule of Civil Procedure 56(c), and for the reasons set forth in this Motion and the supporting documents filed contemporaneously herewith, Plaintiffs respectfully move this Court for entry of judgment ordering that:

(a)    Defendant, her agents, servants, employees, and all persons acting under her permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b)    Defendant pays statutory damages in the amount of Eighteen Thousand Dollars ($18,000.00), which represents an award of Three Thousand Dollars ($3,000.00) for each of the six (6) claims of infringement, pursuant to 17 U.S.C. § 504(c);

(c)    Defendant pays plaintiffs' costs, including reasonable attorney's fees in the amount of $11,561.90, pursuant to 17 U.S.C. § 505;

(d)    Defendant pays interest on these awards pursuant to 28 U.S.C. § 1961.

On September 30, 2013, counsel for Plaintiffs and Defendants had a conference of counsel in which they meet and conferred with respect to this motion for summary judgment.

TroyGould
PC

i

PLAINTIFFS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT

03202-0020 251238.1

1    This motion is supported by the Separate Statement of Uncontroverted Facts

2  and Conclusion of Law and the Declarations of Hope M. Lloyd, Lawrence E.

3  Stevens and AnnMarie Mori filed concurrently, the complaint and other records on

4  file in this action, and such other evidence and argument as may be adduced at the

5  hearing on this matter.

6

7  Dated:  October 14, 2013              JEFFREY W. KRAMER
                                         ANNMARIE MORI
8                                        TROYGOULD PC

9

10                                       By: _____

11                                          AnnMarie Mori
                                            Attorneys for Plaintiffs
12                                          Broadcast Music, Inc.; Stone Diamond
                                            Music Corp.; Sony/ATV Songs LLC d/b/a
                                            Sony ATV Tree Publishing; EMI Virgin
13                                          Songs, Inc.; MJ Twelve Music; Welsh
                                            Witch Music; Moebetoblem Music; E.O.
14                                          Smith Music

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TroyGould
PC**

PLAINTIFFS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT

03202-0020 251238.1

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ............................................................... 1

II.    STATEMENT OF UNDISPUTED FACTS ............................................ 1

       A.    Procedural History ............................................................... 1

       B.    Statement of Facts ............................................................... 1

III.   PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ................... 4

       A.    There Are no Genuine Issues of Material Fact ...................... 4

       B.    The Defendant Is Vicariously Liable for Acts of
             Infringement Committed at McMurphy's Irish Pub ............... 6

IV.    PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY
       REQUEST ............................................................................ 8

       A.    Injunctive Relief ............................................................... 8

       B.    Statutory Damages ............................................................ 10

       C.    Attorney's Fees and Costs ................................................. 13

V.     CONCLUSION .......................................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TroyGould
PC**

PLAINTIFFS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT

03202-0020 251238.1

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) .......................................................... 4

Boz Scaggs Music v. KND Corp.,
   491 F. Supp. 90 (D. Conn. 1980) .................................... 5, 7

Bridgeport Music, Inc. v. Justin Combs Publ'g,
   507 F.3d 470 (6th Cir. 2007) ......................................... 8, 9

Broad. Music, Inc., et al. v. Cameron Hospitality, Inc.,
   2011 U.S. Dist. LEXIS 143262(E.D.N.C. 2011) ................... 12

Broad. Music, Inc. v. Buck Wild Saloon,
   LLC, 2011 U.S. Dist. LEXIS 154147 (M.D.TN 2011) ........... 12

Broad. Music, Inc. v. Columbia Broadcasting System, Inc.,
   441 U.S. 1 (1979) ............................................................. 2

Broad. Music, Inc. v. McDade & Sons, Inc.,
   2013 U.S. Dist. LEXIS 30211 (D. Ariz. Mar. 5, 2013) .......... 12

Broad. Music, Inc. v. Moor-Law, Inc.,
   484 F. Supp. 357 (D. Del. 1980), 527 F. Supp. 758 (D. Del. 1981), aff'd
   without published opinion, 691 F. 2d 491 (3d Cir. 1982) ................ 2

Broad. Music, Inc. v. Niro's Palace, Inc.,
   619 F. Supp. 958 (N.D. Ill. 1985) ................................ 6, 7, 9

Broad. Music, Inc. v. Paden,
   2011 U.S. Dist. LEXIS 143801 (N.D. Cal., 2011) .............. 12

Broad. Music, Inc. v. The Peppermint Club, Inc.,
   229 U.S.P.Q. 534 (N.D. Ohio 1986) ................................ 7

Broad. Music, Inc. v. Pine Belt Investment Developers, Inc.,
   657 F. Supp. 1016 (S.D. Miss. 1987) ................................ 5

Broad. Music, Inc. v. Pine Belt Investment Developers, Inc.,
   667 F. Supp. ............................................................... 5

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

Broad. Music, Inc. v. Pub Dayton, LLC,
  2011 U.S. District LEXIS 57211 (S.D. Ohio 2011) ............................................ 12

Broad. Music, Inc. v. TLM Invs., P.L.C.,
  2010 U.S. Dist. LEXIS 73627 (D. Ariz., 2010) ................................................. 12

Broad. Music, Inc. v. Triple L Vending, Inc.,
  5 USPQ2d 1346 (W.D. Tex. 1987) ............................................................... 10, 12

Broad. Music, Inc. v. TTJ'S Inc.,
  2010 U.S. Dist. LEXIS 73114 (D. Idaho, 2010) ............................................... 12

Broadcast Music, Inc. v. Fox Amusement Co.,
  551 F. Supp. 104 (N.D. Ill. 1982) ..................................................................... 12

Digital Filing Sys., LLC v. Aditya Int'l,
  323 F. App'x 407 (6th Cir. 2009) ........................................................................ 9

EMI Mills Music, Inc. v. Empress Hotel, Inc.,
  470 F. Supp.2d 67 (D. Puerto Rico 2006) ......................................................... 10

F.W. Woolworth Co. v. Contemporary Arts, Inc.,
  344 U.S. 228 (1952) .......................................................................................... 10

Fonovisa, Inc. v. Cherry Auction, Inc.,
  76 F.3d 259 (9th Cir. Cal. 1996) ......................................................................... 7

Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,
  443 F. 2d 1159 (2d Cir. 1971) ............................................................................. 7

Halnat Pub. Co. v. L.A.P.A., Inc.,
  669 F. Supp. 933 (D. Minn. 1987) ..................................................................... 10

Herbert v. The Shanley Co.,
  242 U.S. 591, 37 S.Ct. 232 (1917) ...................................................................... 8

International Korwin Corp. v. Kowalczyk,
  855 F. 2d. 375 (7th Cir. 1988) ........................................................................... 11

M. Witmark & Sons v. Calloway,
  22 F.2d 412 (D.Tenn. 1927) ................................................................................ 7

**TroyGould
PC**

03202-0020 251238.1

**TABLE OF AUTHORITIES (cont.)**

Page(s)

Milene Music v. Gotauco,
   551 F. Supp. 1288 (D.R.I. 1982) ............................................................passim

Nick-O-Val Music Co. v. P.O.S. Radio, Inc.,
   656 F. Supp. 826 (M.D. Fla. 1987) ...............................................7, 11

Prater Music v. Williams,
   5 USPQ2d 1813 (W.D. Mo. 1987) ...............................................10, 11

Rodgers v. Eighty Four Lumber Co.,
   623 F. Supp. 889 (W.D. Pa. 1985) ...............................................10, 11

Sailor Music v. Mai Kai of Concord, Inc.,
   640 F. Supp. 629 (D.N.H. 1986) ...............................................5, 6, 9

Salinger v. Colting,
   607 F.3d 68 (2d Cir. 2010) ...............................................9

Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.,
   316 F. 2d 304 (2d Cir. 1963) ...............................................7

Thalheimer v. City of San Diego,
   645 F.3d 1109 (9th Cir. 2011) ...............................................9

The Peppermint Club, Inc.,
   229 USPQ at 538 ...............................................7

Wihtol v. Crow,
   309 F.2d 777 (8th Cir. 1962) ...............................................7

Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.,
   606 F. Supp. ...............................................11

**FEDERAL STATUTES**

17 U.S.C. § 101 ...............................................1, 2

17 U.S.C. § 101 et. seq. (the "Copyright Act") ...............................................1

17 U.S.C. § 106(4) ...............................................4

17 U.S.C. § 502(a) (2012) ...............................................9

**TroyGould PC**

iv

<u>**TABLE OF AUTHORITIES (cont.)**</u>

**Page(s)**

17 U.S.C. § 504(c) (1999) ....................................................................11

17 U.S.C. § 504(c)(1)...........................................................................10

17 U.S.C. § 504(c)(2)...........................................................................10

17 U.S.C. § 504 (c), 502 and 505 ...........................................................4

17 U.S.C. § 505............................................................................12, 13

28 U.S.C. § 1338(a) ...............................................................................1

28 U.S.C. § 1400(a) ...............................................................................1

28 U.S.C. § 1746 ...................................................................................5

Copyright Act ...............................................................................passim

Copyright Act, at 17 U.S.C. § 501(a) ......................................................6

STATE STATUTES

Copyright Act of 1909 ...........................................................................6

FEDERAL RULES

Fed. R. Civ. P. 36...................................................................................1

Fed. R. Civ. P. 56...................................................................................1

Fed. R. Civ. P. 56(c) ..............................................................................4

Fed. R. Civ. P. 56(e) ..............................................................................4

TREATISES

Nimmer on Copyright, § 12.04[A] ...........................................................7

Torts, § 26.3 (2d ed. 1986) .....................................................................7

**TroyGould**
**PC**

v

03202-0020  251238.1

# I.

## PRELIMINARY STATEMENT

This is an action for copyright infringement brought pursuant to 17 U.S.C. Section 101 et. seq. (the "Copyright Act").  Jurisdiction is vested in this Court under 28 U.S.C. Section 1338(a) and venue is proper under 28 U.S.C. Section 1400(a).

# II.

## STATEMENT OF UNDISPUTED FACTS

**A.    Procedural History**

The Plaintiffs commenced this action for copyright infringement on November 19, 2012.  Declaration of AnnMarie Mori ("Mori Decl."), ¶ 2.  Defendant's Answer was filed on or about December 26, 2012.  Id.  On April 30, 2013, BMI served the First Request for Admissions, Interrogatories and Request for Production.  Mori Decl., ¶¶ 3, 4; Exhs. A-B.  Crawford served her responses to the Request for Admissions on June 13, 2013 ("Crawford Admissions").  Id., Exhs. C-D.

The Defendant responded to Plaintiffs' Request for Admissions, Interrogatories and Request for Production within the time provided by Fed. R. Civ. P. 36.  Plaintiffs bring this Motion for Summary Judgment under Fed. R. Civ. P. 56.  As demonstrated below, there are no issues of fact remaining in this action.  Accordingly, Plaintiffs are entitled to Judgment as a matter of law.

**B.    Statement of Facts**

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" which licenses the right to publicly perform copyrighted musical compositions works on behalf of the copyright owners of these works.  17 U.S.C. § 101.  The other plaintiffs − Stone Diamond Music Corp., Sony/ATV Songs LLC d/b/a Sony ATV Tree Publishing, EMI Virgin Songs, Inc., MJ Twelve Music, Welsh Witch Music, Moebetoblem Music, and E.O. Smith Music − are the copyright owners of various compositions which are the subject of this lawsuit.  Separate Statement, ¶ 1.

1    Under the Copyright Act, the owners of copyrights in musical compositions

2 possess the exclusive right to authorize public performances of their works.  Id. at

3 Sec. 106(4).

4    BMI operates as a non profit-making performing rights organization.  Separate

5 Statement, ¶ 2.  It distributes all of the money it collects in license fees from music

6 users − licensees such as the restaurants, hotels and nightclubs referenced below − as

7 royalties to its affiliated publishers and composers, after the deduction of operating

8 expenses and reasonable reserves.  Separate Statement, ¶ 2.

9    BMI acquires non-exclusive public performance rights through agreements

10 with copyright owners such as music publishing companies and independent

11 composers.  Separate Statement, ¶ 3.  BMI has acquired such non-exclusive public

12 performance rights from each of the other plaintiffs in this action.  Separate

13 Statement, ¶ 4.  BMI has thus acquired the rights to perform the following songs at

14 issue in this action: Ain't Too Proud to Beg, Crazy, Everlong, Landslide, Breaking

15 the Girl, and Keep Fishin'.  Separate Statement, ¶ 5.

16    BMI, in turn, grants the right to publicly perform any of the works in BMI's

17 repertoire to music users such as broadcasters and the owners and operators of

18 concert halls, restaurants, nightclubs and hotels, by means of "blanket license

19 agreements."  Separate Statement, ¶ 6.   These agreements have been recognized as

20 the most practical means to exploit copyright owners' public performance rights.

21 See Broad. Music, Inc. v. Columbia Broadcasting System, Inc., 441 U.S. 1 (1979);

22 Broad. Music, Inc. v. Moor-Law, Inc., 484 F. Supp. 357 (D. Del. 1980), 527 F. Supp.

23 758 (D. Del. 1981), aff'd without published opinion, 691 F. 2d 491 (3d Cir. 1982).

24    At all times relevant to this action, defendant Angela Marie Crawford, owned

25 and operated McMurphy's Irish Pub located at 14 Monterey Street, Bakersfield,

26 California (the "Establishment" or "McMurphy's Irish Pub"), which regularly

27 features performances of live and recorded music.  Separate Statement, ¶¶ 7, 9.

28

**TroyGould**
**PC**

2
PLAINTIFFS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT

Between November 2011 and September 2012, BMI repeatedly informed the Defendant of the need to obtain permission for public performances of copyrighted music.  Separate Statement, ¶¶ 14, 20.  BMI offered to enter into a license agreement with the Defendant, but the Defendant did not enter into a license agreement. Separate Statement, ¶¶ 14, 21.

On February 20, 2012, BMI instructed the Defendant to cease public performances of music licensed by BMI.  Separate Statement, ¶ 15.  Defendant admits receiving a cease and desist notice from BMI.  Separate Statement, ¶¶ 15, 19. Nevertheless, public performances of BMI-licensed music continued at McMurphy's Irish Pub after that date and performances of songs owned by the Plaintiffs were chronicled by a BMI investigator on May 26, 2012 and July 7, 2012.  Separate Statement, ¶¶ 16-19.  Specifically, BMI's investigator generated a written report of the songs played at McMurphy's Irish Pub on those nights, which includes the songs that are the subject of this infringement action.  Separate Statement, ¶ 17.

It is undisputed that on May 26, 2012 and July 7, 2012 McMurphy's Irish Pub was open to the public.  Separate Statement, ¶¶ 10-11.  It is also undisputed that on May 26, 2012 and July 7, 2012 Crawford operated and maintained the Establishment, had right and ability to direct and control the activities of the Establishment, had a direct financial interest in the Establishment, and had the right and ability to supervise the persons employed by McMurphy's Irish Pub on May 26, 2012 and July 7, 2012. Separate Statement, ¶¶ 7-8, 11-12.

There is no evidence to dispute that between November 2011 and September 2012, BMI offered to grant them a license for the public performance of musical compositions at McMurphy's Irish Pub, and the Defendant was not licensed by any of the Plaintiffs to publicly perform any of their musical compositions on May 26, 2012 and July 7, 2012.  There is no evidence to dispute that the songs Ain't Too Proud to Beg, Crazy, Everlong, Landslide, Breaking the Girl, and Keep Fishin' were played at McMurphy's Irish Pub on May 26, 2012 and July 7, 2012.

## III.

## PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT

Plaintiffs are entitled to summary judgment against Defendant as a matter of law. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  This standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).  Moreover, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials ... but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work.  17 U.S.C. Section 106(4).  Any person who violates this exclusive right is an infringer.  Id. at Section 501(a).  It is undisputed that the Defendant publicly performed the Plaintiffs' copyrighted musical compositions without authorization in violation of the Copyright Act.  Accordingly, Plaintiffs seek judgment as a matter of law, statutory damages, injunctive relief and attorney's fees and costs.  See 17 U.S.C. § 504 (c), 502 and 505.

### A.   There Are no Genuine Issues of Material Fact

There are no genuine issues of material facts and summary judgment should be granted to Plaintiffs against Defendant.

In order to prevail in an action for copyright infringement, the Plaintiffs must establish the following five elements:

1.   Originality and authorship of the copyrighted works involved;

2.    Compliance with the formalities of the Copyright Act;

3.    Proprietary rights in the copyrighted works involved;

4.    Public performance of the compositions involved; and

5.    Lack of authorization for public performance.

Broad. Music, Inc. v. Pine Belt Investment Developers, Inc., 657 F. Supp. 1016 (S.D. Miss. 1987); Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629 (D.N.H. 1986); Milene Music v. Gotauco, 551 F. Supp. 1288 (D.R.I. 1982); Boz Scaggs Music v. KND Corp., 491 F. Supp. 90 (D. Conn. 1980).

The first three elements are established in the Lloyd Declaration which constitutes sufficient evidence of the facts sworn to therein. 28 U.S.C. § 1746. The Lloyd Declaration, referring to the Schedule of the Complaint, sets forth the names of the authors and publishers of each composition, the date of copyright registration and the registration number. Separate Statement, ¶ Exhs A-B. The Declaration is supplemented with copies of each registration certificate and subsequent documentation relating to the chain of ownership of the songs. Id. There is no evidence to rebut the Plaintiffs' proof on the originality and authorship of the copyrighted works. There is no dispute of these facts. Defendant admits she currently has no evidence to dispute the elements of originality, proper registration and proprietary interest, only that she "may discover such evidence" at a later time. Separate Statement, ¶ 22. See Broad. Music, Inc. v. Pine Belt Investment Developers, Inc., 657 F. Supp. at 1020; Milene Music, Inc. v. Gotauco, 551 F. Supp. 1288.

The fourth element, public performance, is established by the Certified Infringement Report of Stanley Joseph who was hired by BMI for the purpose of visiting the Establishment and making written reports of musical compositions which were performed at McMurphy's Irish Pub, and by the Certifications of BMI's Performance Identification Employees, Joannah Carr and Lisa Brammer, and Certifications of Meredith Kotas. Separate Statement, ¶¶ 16-17. As discussed in

1   more detail below, it is clear that performance of the music may also be established

2   by Certification.  28 U.S.C. § 1746; <u>Broad. Music, Inc. v. Pine Belt Investment</u>

3   <u>Developers, Inc.</u>, 667 F. Supp. at 1020; <u>Sailor Music v. Mai Kai of Concord, Inc.</u>,

4   640 F. Supp. 629.  Defendant admits she currently has no evidence to dispute the

5   elements of originality, proper registration and proprietary interest, only that she

6   "may discover such evidence" at a later time.  Separate Statement, ¶ 22.

7        The <u>fifth</u> element, lack of authorization, is similarly established in the Stevens

8   Declaration.  The Stevens Declaration verifies that the Defendant did not enter into a

9   BMI license agreement, nor were the performances otherwise authorized.  Separate

10  Statement, ¶ 21.  Moreover, Defendant continued to publicly perform copyrighted

11  music without permission after being instructed to cease, as indicated by the

12  Certified Infringement Report.  Separate Statement, ¶ 18.

13  **B.    The Defendant Is Vicariously Liable for Acts of Infringement Committed**

14  **at McMurphy's Irish Pub**

15       Angela Marie Crawford is herself liable for infringing acts committed at the

16  McMurphy's Irish Pub establishment.  <u>See</u> <u>Broad. Music, Inc. v. Niro's Palace, Inc.</u>,

17  619 F. Supp. 958, 961 (N.D. Ill. 1985) ([n]ot only is the performer liable for

18  infringement, but so is anyone who sponsors the performance) (<u>citing</u> <u>Twentieth</u>

19  <u>Century Music Corp. v. Aiken</u>, 422 U.S. 151, 157 (1975)).  As the sole owner of

20  McMurphy's Irish Pub, Crawford is the person directly controlling McMurphy's

21  Irish Pub and is liable for the infringing acts committed there.  <u>See</u> <u>Sailor Music</u>, 640

22  F. Supp. at 633 (a corporate officer is liable as a joint tortfeasor in a copyright

23  infringement action where the officer was the dominant force in the corporation and

24  determined the policies which resulted in the infringement).

25       The Copyright Act, at 17 U.S.C. Section 501(a), provides that "[a]nyone who

26  violates any of the exclusive rights of the copyright owner as provided by Sections

27  106 through 121 . . . is an infringer of the copyright . . ."  Interpreting the equivalent

28  section under the Copyright Act of 1909, the Second Circuit Court of Appeals stated:

"Although the Act does not specifically delineate what kind or degree of participation in an infringement is actionable, it has long been held that one may be liable for copyright infringement even though he has not himself performed the protected composition." Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F. 2d 1159, 1161-62 (2d Cir. 1971).

In an earlier Second Circuit case, the Court stated:

> [T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the band leader is considered, as a technical matter, an employee, or an independent contractor and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection.

Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc., 316 F. 2d 304, 307 (2d Cir. 1963); See also Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 262 (9th Cir. Cal. 1996) (citing Gershwin); Broad. Music, Inc. v. The Peppermint Club, Inc., 229 U.S.P.Q. 534, 537-38 (N.D. Ohio 1986).

As the sponsor of the public performances, Crawford is liable for infringement at McMurphy's Irish Pub. See Broad. Music, Inc. v. Niro's Palace, 619 F. Supp. at 961 ([n]ot only is the performer liable for infringement, but so is anyone who sponsors the performance)(citing Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 157 (1975)). As the owner, Crawford is likewise responsible for the tortious actions of their employees under the doctrine of *respondeat superior*. Wihtol v. Crow, 309 F.2d 777, 782-783 (8th Cir. 1962); M. Witmark & Sons v. Calloway, 22 F.2d 412, 414 (D.Tenn. 1927). See generally F. Harper, F. James & O. Gray, The Law of Torts, §26.3 (2d ed. 1986). See also Nimmer on Copyright, §12.04[A].

Crawford is the sole owner and operator of McMurphy's Irish Pub and is individually liable for its acts of Copyright infringement because she "(1) 'had the right and ability to supervise the infringing activity', and (2) 'has a direct financial interest in such activities'." The Peppermint Club, Inc., 229 USPQ at 538, (quoting

1  Warner Bros., Inc. v. Lobster Pot, Inc., 582 F. Supp. 478, 483 (N.D. Ohio 1984)).

2  See also Nick-O-Val Music Co. v. P.O.S. Radio, Inc., 656 F. Supp. 826, 828 (M.D.

3  Fla. 1987); Milene Music, Inc. 551 F. Supp. at 1295; Boz Scaggs Music 491 F. Supp.

4  at 913-14.

5        It is undisputed that Crawford had responsibility for the day to day activities at

6  McMurphy's Irish Pub.  Separate Statement, ¶¶ 7, 8, 12-13.  She personally signed

7  for the Cease and Desist letter.  Separate Statement, ¶ 19.  Nevertheless she continues

8  to play BMI music at the Establishment.  Id.

9                                    **IV.**

10        **PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST**

11        Plaintiffs request permanent injunctive relief, statutory damages for each of

12  the claims of infringement, costs and reasonable attorney's fees.  Each aspect of the

13  requested relief is briefly discussed below.

14  **A.     Injunctive Relief**

15        Musical performances are obviously important to the operation of

16  McMurphy's Irish Pub.  "If music did not pay, it would be given up."  Herbert v. The

17  Shanley Co., 242 U.S. 591, 595, 37 S.Ct. 232, 233 (1917).  It is clear from the fact

18  that a BMI investigator logged unauthorized performance of music in the BMI

19  repertory − long after Defendant's receipt of numerous calls and letters from BMI −

20  that Defendant did not give it up.  Separate Statement at ¶ 19.  Likewise, it is clear

21  that Defendant's establishment likely continues to make unauthorized performances

22  of BMI music at the present time and will continue to do so in the future.  Id.

23  Plaintiffs therefore seek injunctive relief to prevent further authorized performances

24  and copyright violations.  See Bridgeport Music, Inc. v. Justin Combs Publ'g, 507

25  F.3d 470, 492 (6th Cir. 2007).

26        BMI seeks an injunction against Defendant that would prevent her from

27  publicly performing music in BMI's repertoire.  BMI has offered to Defendant's

28  establishment a blanket license, which is a well-established license agreement that

has been entered into by tens of thousands of similar establishments across the United States.  BMI's blanket license would permit Defendant to publicly perform any of the musical works in BMI's repertoire, which currently includes approximately 7.5 million musical works, or approximately one-half of the songs played on the radio each year in the United States.  BMI's repertoire of musical works is available for full search capability in the "Repertoire Search" section of www.bmi.com.

Section 502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a) (2012).  In order to be awarded an injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Thalheimer v. City of San Diego, 645 F.3d 1109, 1115 (9th Cir. 2011) (quoting Winter v. NRDC, 555 U.S. 7, 24-25, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)); see also Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010).  As one court has stated in a case similar to this:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists. . . The threat of continuing infringement is substantial in the present case.  Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI.  This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined.

Niro's Palace, 619 F. Supp. at 963.  Here, as in Niro's, Defendant willfully disregarded the copyrights held by Plaintiffs, as well as oral and written notice and continued to perform copyrighted musical compositions for years with no license to do so.  Courts have consistently held "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." Bridgeport Music, 507 F.3d at 492.  See also Digital Filing Sys., LLC v.

1  <u>Aditya Int'l</u>, 323 F. App'x 407, 420 (6th Cir. 2009) ("Permanent injunctions are

2  granted where liability is determined and a continuing threat to a copyright exists.")

3       Similarly, in <u>Milene Music</u>, the Court granted injunctive relief stating that

4  "[t]he history of defendants' actions… exhibits an unfortunate tendency conveniently

5  to ignore, from time to time … the plaintiffs' proprietary rights." 551 F. Supp. at

6  1295-96. <u>See also</u> <u>Sailor Music v. Mai Kai of Concord, Inc.</u>, 640 F. Supp. At 634-

7  32.

8       In this instance where the Defendant is unlicensed and continues to offer

9  unauthorized performances of the Plaintiffs' music, broad injunctive relief is

10  appropriate and necessary.

11  **B.**   **<u>Statutory Damages</u>**

12       The Copyright Act empowers a Plaintiff to elect to receive an award of

13  statutory damages "in a sum of not less than $750 or more than $30,000" per

14  infringement in lieu of an award representing the Plaintiffs' actual damages and the

15  Defendant(s)' profits. 17 U.S.C. Section 504(c)(1). Furthermore, "[i]n a case where

16  the copyright owner sustains the burden of proving...that infringement was

17  committed willfully, the court in its discretion may increase the award of statutory

18  damages to a sum of not more than $150,000." 17 U.S.C. Section 504(c)(2). Within

19  these statutory limits, the assessment of damages is at the discretion of the court. See

20  <u>F.W. Woolworth Co. v. Contemporary Arts, Inc.</u>, 344 U.S. 228, 231-32 (1952).

21       Statutory damages are "designed to discourage wrongful conduct...and

22  vindicate the statutory policy." <u>Id.</u> at 233. "The court's award should be designed to

23  compensate plaintiffs as well as to punish defendant[s]." <u>Prater Music v. Williams</u>, 5

24  USPQ2d 1813, 1816 (W.D. Mo. 1987). To further discourage continued abuse and

25  give effect to the Copyright Act, the amount awarded in statutory damages should

26  significantly exceed the amount of unpaid license fees. <u>See</u> <u>EMI Mills Music, Inc. v.</u>

27  <u>Empress Hotel, Inc.</u>, 470 F. Supp.2d 67, 75-76 (D. Puerto Rico 2006). As the court

28  in Prater Music held: "If the copyright laws are to have any effect, a judgment

1  against [a] defendant must be appreciably more than the amount he would have had

2  to expend to obtain permission." 5 USPQ at 1816.  Music users such as the

3  Defendant should be "put on notice that it costs less to obey the copyright laws than

4  to violate them." Rodgers v. Eighty Four Lumber Co., 623 F. Supp. 889, 892 (W.D.

5  Pa. 1985), quoting Music City Music v. Alfa Foods Ltd., 616 F. Supp. 1001, 1003

6  (E.D. Va. 1985).  See also Broad. Music, Inc. v. Triple L Vending, Inc., 5 USPQ2d

7  1346, 1349 (W.D. Tex. 1987); Halnat Pub. Co. v. L.A.P.A., Inc., 669 F. Supp. 933

8  (D. Minn. 1987).

9      When BMI first contacted Defendant on November 4, 2011, McMurphy's

10  Irish Pub was asked to execute a license agreement.  Separate Statement, ¶ 14.

11  Despite the numerous calls and letters, to date, BMI has not received a license

12  agreement or any license fees from the Defendant.  Separate Statement, ¶ 21.

13      The court, in its discretion, may also augment the amount of statutory damages

14  awarded to reflect the degree of culpability exhibited by the Defendant.  See Wow &

15  Flutter Music v. Len's Tom Jones Tavern, Inc., 606 F. Supp. at 555-57.  "Where a

16  defendant continues to infringe upon copyrights despite repeated warnings, courts

17  have found defendant's conduct to be willful." Prater Music v. Williams, 5 USPQ2d

18  at 1815; accord International Korwin Corp. v. Kowalczyk, 855 F. 2d. 375 (7th Cir.

19  1988); Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc., 656 F. Supp. at 829;

20  Rodgers, 623 F. Supp. at 892.

21      The record supports a finding that the Defendant deliberately violated the

22  Plaintiffs' rights.  Between November 2011 and September 2012, BMI sent letters to

23  the Defendant and repeatedly advised her of the need to enter into a license

24  agreement.  Separate Statement, ¶ 14.  A BMI representative telephoned Defendant

25  on twenty-two (22) occasions and on a number of those occasions spoke to persons

26  associated with the establishment's operation, including four calls with Defendant

27  Crawford.  Separate Statement, ¶ 20.  On January 19, 2012, Defendant Crawford told

28  the BMI representative to sue her and stop calling.  Separate Statement, ¶ 20.

TroyGould
PC

11

03202-0020  251238.1

On February 20, 2012, BMI sent Defendant an overnight letter informing them that they must immediately cease unauthorized performances of BMI-licensed music, with multiple follow up letters.  Separate Statement, ¶¶ 14-15.  Defendant signed for the cease and desist letter herself.  Separate Statement, ¶ 19.  Despite all of this, a BMI investigator made a written record of the performance of six (6) BMI-licensed compositions after that date.  Separate Statement, ¶¶ 16-17.

This is clearly a situation where the Plaintiffs should be awarded damages well in excess of the statutory minimum.  Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court.  17 U.S.C. §504(c) (1999).  For the six (6) acts of infringement described in the Complaint, Plaintiffs request a total award of Eighteen Thousand Dollars ($18,000.00) which represents an award of Three Thousand Dollars ($3,000.00) for each of the six (6) infringements.

Courts considering awards of statutory damages have recognized that awards in the range of $3,000 to $7,000 per infringement or higher are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. See Broad. Music, Inc. v. McDade & Sons, Inc., 2013 U.S. Dist. LEXIS 30211 (D. Ariz. Mar. 5, 2013) (awarding $3,000.00 for each of thirteen counts of infringement); Broad. Music, Inc. v. Paden, 2011 U.S. Dist. LEXIS 143801 (N.D. Cal., 2011) ( awarding $7,000.00 for each of three counts of copyright infringement); Broad. Music, Inc. v. TLM Invs., P.L.C., 2010 U.S. Dist. LEXIS 73627 (D. Ariz., 2010) (awarding $3,000.00 for each of twelve infringements); Broad. Music, Inc. v. TTJ'S Inc., 2010 U.S. Dist. LEXIS 73114 (D. Idaho, 2010)(awarding $3,000.00 per count for each of ten compositions infringed); Broad. Music, Inc. v. Buck Wild Saloon, LLC, 2011 U.S. Dist. LEXIS 154147, (M.D.TN 2011) (awarding $8,000 for each of 5 copyright violations); Broad. Music, Inc., et al. v. Cameron Hospitality, Inc., 2011 U.S. Dist. LEXIS 143262(E.D.N.C. 2011) (awarding $7,612.50 for each of 4 copyright violations); Broad. Music, Inc. v. Pub Dayton, LLC, 2011 U.S. District LEXIS 57211

1  (S.D. Ohio 2011) (awarding $7,750 for each of 4 copyright violations).  For the

2  foregoing reasons, Plaintiffs' request is a modest, just, and appropriate statutory

3  damages award.

4  **C.**     **Attorney's Fees and Costs**

5          The Copyright Act expressly provides that the "court may also award a

6  reasonable attorney's fee to the prevailing party." 17 U.S.C. Section 505.  Because it

7  is consistent with the purpose of the Copyright Act, courts routinely award the

8  reasonable fees incurred by a Plaintiff asserting its rights.  See Triple L Vending,

9  Inc., 5 USPQ2d at 1349-52; Broadcast Music, Inc. v. Fox Amusement Co., 551 F.

10 Supp. 104 (N.D. Ill. 1982); Milene Music, Inc. v. Gotauco, 551 F. Supp. at 1297.

11         In the present case, the Defendant has intentionally ignored her obligation

12 under the Copyright Act and have forced Plaintiffs to engage in litigation to enforce

13 their rights.  Accordingly, Plaintiffs should be awarded full attorney's fees.

14         The Copyright Act expressly provides that the court "in its discretion may

15 allow the recovery of full costs by or against any party ..." 17 U.S.C. Section 505.

16 Under this provision, the courts have allowed full recovery by the prevailing party of

17 its reasonable costs.  See Milene Music, Inc. v. Gotauco, 551 F. Supp. at 1297.

18 There are no factors which would militate against an award of the Plaintiffs' costs in

19 the present case.  Such an award is particularly appropriate in light of the

20 Defendant's deliberate misconduct and the statutory purpose of encouraging private

21 enforcement of the Copyright Act.  Plaintiffs have incurred $11,561.90 in costs and

22 fees, and seek recovery of same.  Separate Statement, ¶ 24.

23                                    **V.**

24                             **CONCLUSION**

25         For all of the foregoing reasons, Plaintiffs request that the Court:

26         (1)     Enter a Summary Judgment in its favor against Defendant;

27         (2)     Enter an order permanently enjoining Defendant from further acts of

28                 infringement;

1      (3)    Award Plaintiffs statutory damages of Eighteen Thousand Dollars;

2             ($18,000.00) which is Three Thousand Dollars ($3,000.00) for each of

3             the six (6) acts of copyright infringement alleged in the Complaint;

4      (4)    Award Plaintiffs their full costs;

5      (5)    Award Plaintiffs their reasonable attorney's fees; and

6      (6)    Grant such other and further relief as the Court deems appropriate.

7  Dated:  October 14, 2013      JEFFREY W. KRAMER
                            ANNMARIE MORI

8                            TROYGOULD PC

9

10                      By: _____

11                        AnnMarie Mori
                        Attorneys for Plaintiffs

12                        Broadcast Music, Inc.; Stone Diamond
                        Music Corp.; Sony/ATV Songs LLC d/b/a

13                        Sony ATV Tree Publishing; EMI Virgin
                        Songs, Inc.; MJ Twelve Music; Welsh

14                        Witch Music; Moebetoblem Music; E.O.
                        Smith Music

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TroyGould PC**

14

03202-0020 251238.1